MARY FLYNN, RESPONDENT, v. NEW YORK, SUSQUE-
HANNA AND WESTERN RAILROAD COMPANY, PROSE-
CUTOR.

Submitted June 6, 1917—Decided September 14, 1917.

1. A crossing flagman, employed by a railroad company engaged in interstate and intrastate commerce, was struck and killed by the engine of a train engaged in interstate commerce. *Held*, that the Court of Common Pleas of New Jersey is ousted of jurisdiction to award compensation under the New Jersey Workmen's Compensation act. The Federal Employers' Liability act is exclusive.
2. Although the findings of the Court of Common Pleas as to the facts in workmen's compensation cases are conclusive on appeal, nevertheless the law arising upon undisputed facts is a question of law for the court reviewing the decision to decide.

---

On *certiorari*.

Before Justices SWAYZE, BERGEN and BLACK.

For the prosecutor, *Collins & Corbin.*

For the respondent, *Edward F. Merrey.*

The opinion of the court was delivered by

BLACK, J. The writ of *certiorari* in this case is to review a determination of the Court of Common Pleas of Passaic county, in a proceeding under the New Jersey Workmen's Compensation act, brought by Mary Flynn, the widow of James Flynn, deceased.

The trial court determined that the petitioner is entitled to five ($5) dollars per week for a period of three hundred weeks, beginning on the 30th day of April, 1916. The trial court further found the prosecutor is a common carrier and is engaged both in interstate and intrastate commerce, that James Flynn was not employed by the prosecutor in interstate commerce, and thereupon the Federal Employers' Liability act does not apply. It is to review this latter finding that the controversy is brought under review in this court.

The pertinent facts are: The deceased, James Flynn, on March 23d, 1916, was employed by the prosecutor as a crossing flagman at the Lyon street crossing in the city of Paterson; while thus engaged in the performance of his duties as a flagman, with respect to a passing train, which was carrying passengers and baggage from points in the State of New York to various points in the State of New Jersey, he was struck and killed by the engine of the train in the course of his employment. Flynn crossed over the eastbound tracks of the prosecutor, on the approach of an eastbound train, to flag the crossing, and while so engaged was standing near the westbound tracks and was struck and killed by the outer edge of the breastpiece of an engine drawing a train on the westbound tracks, which was an interstate train. The question therefore for solution, and the only one, is, was the deceased at the time of his death engaged in an interstate act? If so, it is firmly settled by the recent decisions of our Court of Errors and Appeals, in the case of *Rounsaville* v. *Central Railroad Co., ante p.* 176, and by the United States Supreme Court, in the case of *Erie Railroad Co.* v. *Winfield* (decided May 21st, 1917), 244 *U. S.* 170, reversing 88 *N. J. L.* 619, that the Federal Employers' Liability act of 1908 is ex-

clusive of the state act and ousts the Courts of Common Pleas of the state of jurisdiction under the New Jersey Workmen's Compensation act.

The courts, thus far, apparently have been unable to formulate any rule, sufficiently exact, comprehensive and exclusive, by which to test the quality of an act or series of acts as falling within, or without, the domain of interstate business. Upon reflection, it would seem almost impossible to formulate a rule applicable to the almost endless variety of circumstances and facts springing out of the intricacies of everyday modern life, that will be of much practical use or aid. The application of the principle must be made to particular facts, as they arise, and by a process of exclusion and inclusion a rule may perhaps be formulated in time from the decision of such cases. There is already a long line of cases, in the federal and state courts, showing the application of the principle to the facts under discussion. It would serve no useful purpose to collate or cite these decisions. The decisions in the United States Supreme Court, the ultimate authority on the point, are quite uniform when stating the principle to use such language as this—the employe must be engaged in interstate business, or in an act which is so directly and immediately connected with such business as substantially to form a part or a necessary incident thereto. *New York, &c., Railroad Co.* v. *Carr,* 238 *U. S.* 260; or in work so closely related to it (*i. e.,* interstate transportation) as to be practically a part of it. *Shanks* v. *Delaware, &c., Railroad Co.,* 239 *Id.* 556; so, *Louisville, &c., Railroad Co.* v. *Parker,* 242 *Id.* 13.

We have been unable to find any case in the federal courts where this precise question has been passed upon. We are referred to two cases, however, in the California Supreme Court, both of which held that crossing flagmen engaged in flagging, on a railroad where interstate trains were being operated, were engaged in interstate commerce. *Southern Pacific Co.* v. *Industrial Accident Commission (Cal.),* 161 *Pac. Rep.* 1139; *Southern Pacific Co.* v. *Industrial Accident Commission, Id.* 1142. These cases, of course, are not binding precedents upon this court, but we think

these decisions are in harmony and accord with the spirit and principle of the cases decided by the Supreme Court of the United States. Notwithstanding this situation, it is now urged by the defendant that the statute makes the judgment of the Court of Common Pleas conclusive and binding as to all questions of fact. *Pamph. L.* 1911, *p.* 134, § 18; *Nevich* v. *Delaware, &c., Railroad Co., ante p.* 228; *Hulley* v. *Moosbrugger,* 88 *N. J. L.* 161. The judgment of the Common Pleas must be upheld if there is any evidence in the case to support it. This, of course, must be accepted as the law of the state, but in the case of *Hulley* v. *Moosbrugger, supra,* it was said by Chancellor Walker, speaking for the Court of Errors and Appeals, "Although the findings of the Court of Common Pleas as to the facts of the case are conclusive, according to section 18 of the act, and the decision of the Supreme Court  *  *  *  and, therefore, are conclusive here, yet, nevertheless, the law arising upon ascertained facts is a question for the court reviewing the decision."

The finding of the trial judge that the deceased, James Flynn, was not employed by the prosecutor in interstate commerce is not a finding of fact, it is a statement of law; the facts in the case are entirely undisputed; it is a pure question of law arising upon facts that are not disputed. We think James Flynn at the time of his death was engaged in an act, to use the words of the Supreme Court of the United States, directly and immediately connected with interstate business, as substantially to form a part or a necessary incident thereto, and under the decision of the Supreme Court of the United States, in the *Winfield Case, supra,* that fact ousted the Common Pleas Court of Passaic county of jurisdiction.

The judgment, therefore, of the Passaic Court of Common Pleas is reversed, with costs.