THE ESTATE OF JOHN BRINSKO, RESPONDENT, v. LE-
HIGH VALLEY RAILROAD COMPANY OF NEW JERSEY,
APPELLANT.

Argued January 4, 1917—Decided October 11, 1917.

On appeal from the Supreme Court.

For the appellant, *Adrian Lyon.*

For the respondent, *Thomas Brown.*

PER CURIAM.

This suit was brought in the Middlesex Common Pleas
under the Workmen's Compensation act (*Pamph. L.* 1911, *p.*
134, amended *Pamph. L.* 1913, *p.* 302), for compensation to
the dependent widow and children of John Brinsko, deceased,
who met his death by being run over by a car of the defend-
ant company, of which company he was an employe.

After hearing and argument the trial judge found that de-
ceased, while in the "course of his employment" with the de-
fendant company, was run over by one of its cars and killed.

One of the defences interposed was, that at the time de-
cedent met his death he was employed in moving cars en-
gaged in interstate commerce, and that, therefore, the defend-
ant is liable only under the Federal Employers' Liability act.
On this head the trial judge found that for the purposes of
the suit, it was not necessary to determine whether the car,
which injured and caused the death of the deceased, was en-
gaged in interstate commerce at the time.

With this finding the Supreme Court disagreed, but held
that the award made by the trial judge in the Common Pleas
was not vitiated on that account, because, on the finding of
facts by the judge, the car was not engaged in interstate com-
merce, nor was the deceased. This was error.

In *Dunnewald* v. *Henry Steers, Inc.*, 89 *N. J. L.* 601, this court held that to warrant a recovery under our Workmen's Compensation act, it must appear that the employe's death was caused (1) by an accident (2) arising out, and (3) in the course, of his employment, and that all of these essential facts must be found by the trial judge and must be contained in his written determination.

As a matter of fact the trial judge, in the case at bar, while determining that the deceased's injury occurred in the course of his employment, failed to find that it arose out of that employment or was the result of an accident. And, owing to the defence of interstate commerce, he would have to go a step farther and find whether at the time of the accident the deceased was engaged in interstate or intrastate commerce. As shown above, he noticed the point, but held that it was unnecessary to determine it. If he had held that decedent was engaged in interstate commerce, then he could not have awarded compensation under our Workmen's Compensation act. See *Erie Railroad Co.* v. *Winfield*, 244 *U. S.* 170; *Rounsaville* v. *Central Railroad of New Jersey, ante p.* 176. On the contrary, if he had held that the deceased was engaged in intrastate commerce, then he could have awarded compensation. if he found, as facts, that the deceased came to his death as the result of an accident arising out of and in the course of his employment.

The right of the Supreme Court to review a proceeding under the Workmen's Compensation act is limited to questions of law, and it cannot review determinations of fact if there is evidence to support them. *Dunnewald* v. *Henry Steers, Inc., supra.*

Upon the authority of the Dunnewald case the judgment of the Supreme Court affirming the judgment of the Common Pleas must be reversed, to the end that there may be a new trial and proper determination of the facts in the Common Pleas. either upon the evidence already put in, or such other evidence as the parties may see fit to offer. No costs will be allowed in this court.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Bergen, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ.   12.