414     COURT OF ERRORS AND APPEALS.

Carberry, v. Del., Lack. & West. R. R. Co.     *93 N. J. L.*

CATHERINE A. CARBERRY, ADMINISTRATRIX, &c., OF MARTIN T. CARBERRY, DECEASED, APPELLANT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT.

Submitted July 7, 1919—Decided November 17, 1919.

1. In a proceeding in the Court of Common Pleas under the New Jersey Workmen's Compensation act (*Pamph. L.* 1911, *ch.* 95) the burden is upon the petitioner to prove a case within the state statute—that is, to show affirmatively that the decedent was engaged at the time of the accident in a service which was not regulated by the Federal Employers' Liability act of 1908.

2. In a proceeding under the New Jersey Workmen's Compensation act (*Pamph. L.* 1911, *ch.* 95), where the only matter in controversy was whether or not the decedent at the time of the accident was engaged in interstate commerce, the petitioner was not prejudiced in his rights by the mistaken assumption and announcement of counsel for the railroad company (the employer) that the burden of proof was upon the company, nor by the fact that the company went forward with its proof, it appearing that such mistaken notion as to the burden of proof was shared by counsel for the petitioner, and that both before and after such proof was put in, opportunity was given the petitioner to produce testimony of his own.

3. A baggage agent whose duty was to meet both interstate and intrastate trains of the railroad company by whom he was employed, and to put on and take off baggage, and who was killed by an interstate train whilst in the performance of that duty, must be held to have been engaged in interstate commerce at the time he was killed. and compensation cannot be awarded to his administrator under the New Jersey Workmen's Compensation act (*Pamph. L.* 1911, *ch.* 95), the Federal Employers' Liability act of 1908 being exclusive in such case.

---

On appeal from the Supreme Court.

For the appellant, *James H. Bolitho.*

For the respondent, *Frederic B. Scott.*

The opinion of the court was delivered by

TRENCHARD, J.   Martin T. Carberry, who was employed as a baggage agent by the Delaware, Lackawanna and Western

Railroad Company, was killed on December 21st, 1917, at their station at Lake Hopatcong, while in the course of such employment. His administratrix filed a petition in the Court of Common Pleas of the county of Morris to recover compensation for his death under the New Jersey Workmen's Compensation act. *Pamph. L.* 1911, *ch.* 95.

The railroad company filed an answer to the petition denying the application of the New Jersey Workmen's Compensation act, specifically setting forth that at the time and place of the injury and death of Carberry, both he and the company were engaged in interstate commerce, and that therefore the petitioner's sole remedy was under the Federal Employers' Liability act of 1908. Upon the hearing the Common Pleas judge found that "Carberry was engaged in intrastate business at the time of his said injury," and therefore awarded the petitioner the compensation allowed under the New Jersey statute. The company thereupon caused such award to be reviewed in the Supreme Court, and that tribunal, after an examination of the testimony sent up, determined that the finding of the Common Pleas that the decedent was engaged in intrastate commerce had no support in the testimony submitted, but that, on the contrary, the proofs demonstrated that he was then engaged in interstate commerce. This fact being found by the Supreme Court, the judgment below was reversed upon the ground that the petitioner's only remedy was under the federal statute. The present appeal is from the judgment of the Supreme Court, which we think must be affirmed.

We think there is no merit in the contention of the appellant that it was not open to the Supreme Court, on the record before it, to determine that the decedent, at the time of the accident, was engaged in interstate commerce.

This contention rests mainly, if not wholly, upon a remark made by the company's attorney at the hearing in the Common Pleas Court, hereinafter quoted. In an effort to confine the proof at the hearing to the issue raised by the pleadings the attorney admitted that the appellant had been appointed administratrix: that the decedent was killed while in the

416 COURT OF ERRORS AND APPEALS.

Carberry v. Del., Lack. & West. R. R. Co. *93 N. J. L.*

course of his employment by the company as station baggage agent, and that the injury and death that ensued was an accident arising out of and in the course of his employment; that at the time he was injured the appellant was wholly dependent upon the decedent for support, and that there were certain other persons also dependent upon the decedent for support; that the company had notice of the accident resulting in the death of the decedent; that at the time of the injury and prior thereto the said decedent was receiving a certain weekly wage, and that the parties thereto had failed to agree upon compensation to the petitioner. The company's attorney then stated its contention to be as follows: "The contention of the respondent in this case has been set out in its answer and is, that the petitioner was engaged in interstate commerce at the time of the injury, and that in compliance with the act of congress, known as the Federal Employers' Liability act, that that act is exclusive of all other remedies."

He then made the further statement, on which the appellant relies for reversal, that: "I think that makes a *prima facie* case on the part of the petitioner without any proof on the part of the petitioner unless she desires to offer any evidence." Whereupon counsel for the petitioner remarked that "I agree with counsel that that establishes a *prima facie* case."

The company's attorney then produced testimony (and the only testimony in the case upon that issue) proving conclusively (as we will hereafter show) that the decedent at the time of the accident was engaged in interstate commerce.

In thus going forward with his proof he assumed a burden which the law did not cast upon him. The rule is that the burden is upon the petitioner in the court of first instance to prove a case within the state statute—that is, to show, affirmatively, that the decedent was engaged at the time of the accident in a service which was not regulated by the federal statute, for that fact is not to be presumed in the absence of proof. *Lincks* v. *Erie Railroad Co., 91 N. J. L.* 166.

But the fact that counsel for the company erroneously assumed, and announced his thought, that the burden of proof

was upon the company (which was acquiesced in by his adversary), and went forward with his proof, did not prejudice the petitioner, since it appears that both before and after the company's proof was put in, full opportunity was given the petitioner to produce testimony of her own upon the matter in controversy. Moreover, it is quite apparent, considering the entire statement of the attorney of the railroad company, that he did not admit, nor could his adversary suppose he admitted, that the decedent was engaged in intrastate commerce, since that was distinctly denied in the company's answer, and by the very statement in question and stood out as the only matter in controversy.

We agree with the Supreme Court that the proofs demonstrated conclusively that the decedent was engaged in interstate commerce at the time of his injury and death. He was the baggage agent at a station on the company's railroad in this state. His duties consisted, among other things, in meeting trains of the company, both interstate and intrastate, stopping at his station, receiving from them such baggage and mail as there was to leave there, and delivering such baggage, railroad mail, and the like, as was to be put aboard the train. In the performance of this duty he met a train of the company which had come from Binghamton, New York, and was, consequently, an interstate train. He received some letters and papers from that train, and delivered some others. Apparently, there was no baggage or express matter discharged or taken aboard. The train started, and decedent ran alongside the train holding on by a hand-rail while speaking to a trainman in the performance of his duties. While so running he struck a snowbank and was thrown under the wheels and killed. These were the ascertained and undisputed facts. The case did not call for the weighing of testimony, but only for the application of the law to the ascertained facts.

It seems to have been argued in the Supreme Court that he was not engaged in an act of interstate commerce because it is not shown that any of the articles delivered or received came from out of the state or was going out of the state, or that the conversation was upon an interstate matter. But that is

not the test.  It was plainly part of his interstate duty to meet the train and see if anything of an interstate character had to be done as respected that particular stop, and such interstate relation to the train continued as long as the communication between him and the train was kept up.  It cannot be said that he was engaged in intrastate commerce, for the instant he might be receiving a piece of intrastate baggage and changed to interstate commerce with the next piece.  *Flynn v. New York, Susquehanna and Western Railroad Co.*, 90 N. J. L. 450; *affirmed*, 91 *Id.* 693; *New York Central and Hudson River Railroad Co. v. Carr*, 238 U. S. 260.  Since the decedent at the time he was killed was engaged in interstate commerce, compensation cannot be awarded his administratrix under the New Jersey Workmen's Compensation act, the Federal Employers' Liability act being exclusive in such case.  *Rounsaville v. Central Railroad Co.*, 90 N. J. L. 176; *Erie Railroad Co. v. Winfield*, 244 U. S. 170.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ.  14.

*For reversal*—None.