JOHN VINCELLI, PETITIONER AND DEFENDANT IN CER·
TIORARI, v. THE NEW JERSEY CENTRAL RAILROAD
COMPANY, RESPONDENT AND PROSECUTOR IN CER-
TIORARI.

Submitted March 21, 1923—Decided June 5, 1923.

V., an employe of a railroad company, was engaged in renewing
cross ties upon a main running track over which passed intra-
state and interstate traffic. A private road crossed this track at
the place V. was working. This crossing was planked. In order
to renew the ties it was necessary to take up the crossing planks
and relay them. While driving a spike in the relaying of the
planks, the head of the spike broke off, striking V. in the eye
and destroying the sight thereof. *Held*, that V. at the time of
the accident was engaged in interstate commerce.

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the petitioner and defendant in *certiorari, Charles F.
Sexton.*

For the respondent and prosecutor in *certiorari, William
A. Barkalow (George Holmes* and *Devoe Tomlinson* of
counsel).

The opinion of the court was delivered by

KATZENBACH, J. The writ of *certiorari* in this case brings
to this court for review a judgment of the Court of Common
Pleas of the county of Monmouth, rendered in a workmen's
compensation case. John Vincelli was an employe of the
Central Railroad Company of New Jersey. On October 29th,
1920, he was working on the main running tracks of the rail-
road company at Low Moor, New Jersey, over which passed
intrastate and interstate traffic. The special work in which,
with others, he was engaged, was renewing cross ties. At the

place Vincelli was working a private road crossed over the tracks. It was necessary in order to renew the ties, to take up the crossing planks and after the new ties had been laid to relay the planks. Vincelli was replacing one of these planks, and while in the act of driving a spike through the plank the head of the spike broke off, flew up, and struck him in the eye, causing the loss of the sight of his eye. Vincelli filed a petition under the provisions of the Workmen's Compensation act. A hearing on this petition was had before the workmen's compensation bureau. The deputy commissioner who heard the case dismissed the petition and held that the bureau had no jurisdiction as Vincelli was at the time of the accident engaged in interstate commerce. Vincelli then appealed to the Monmouth County Court of Common Pleas. The learned trial judge who heard the appeal held that at the time of the accident Vincelli was not engaged in interstate commerce. He supported this view from that portion of the opinion in the case of *Swank* v. *Pennsylvania Railroad Co.*, 94 *N. J. L.* 546, which reads: "The test in such cases is always the particular work upon which the employe was engaged at the very time of the accident was a part of the interstate commerce in which the carrier was engaged." This passage was taken, as stated in the opinion, from the leading case of *Pederson* v. *Delaware, Lackawanna and Western Railroad Co.*, 229 *U. S.* 146.

The conclusion reached by the court below in applying this test to the facts of the case was that when Vincelli was driving the spike through the plank of the private crossing, for the purpose of fastening it to the tie below, his act had nothing to do with the interstate commerce of the railroad company, or with anything which enabled it to function in that respect, as the relaying of the plank was merely for the convenience of the individual who used the private crossing.

There is probably no question which has been the subject of more legal discussion and more divergent views than the one as to whether at the time of an accident an employe was

or was not engaged in interstate commerce. It is a question often difficult to decide. In the present case we feel constrained to differ with the opinion of the Court of Common Pleas. The particular work in which Vincelli was engaged was in renewing ties of a main running track used in interstate traffic. The taking up and the relaying of the planking at the private crossing was a part of the main or particular piece of work in which Vincelli was at the time of the accident engaged. Under the General Railroad act (*Pamph. L.* 1903, *p.* 659, § 26), it is made the duty of a railroad company to "construct and keep in repair good and sufficient bridges and passages over, under and across the railroad or right of way where any public or other road, street or avenue now or hereafter laid, shall cross the same, so that the public travel shall not be impeded thereby." This provision cast upon the railroad company the obligation of maintaining and keeping in repair the crossing. The planking was a part of the crossing and the crossing a part of the track which was an instrumentality used in interstate commerce. When Vincelli was at work in spiking the planks of the crossing he was in legal contemplation as much engaged in interstate commerce as if spiking a rail to the cross ties. If he had been injured doing the latter there would probably have been no question raised as to whether or not he was engaged in interstate commerce at the time of the accident. The determining factor is whether the structure upon which the employe is working is an instrumentality used by the carrier in its interstate business. If subject to such use then an employe working upon such instrumentality is engaged in interstate commerce.

In the Pederson case, above referred to, the employe was, when injured, in the act of carrying bolts for use in a bridge used in both intrastate and interstate commerce.

In *Culp* v. *Atlantic City Railroad Co.*, 93 *N. J. L.* 244, the employe was injured while painting a baggage room used for the storage of both intrastate and interstate commerce, and was held to be engaged in interstate commerce. In *Stiedler* v. *Pennsylvania Railroad Co.*, 94 *Id.* 197,

the employe was painting, when injured, a pole carrying electric wires used to operate cars. The Court of Errors and Appeals said that he was engaged in the preservation of an instrumentality of interstate commerce. One engaged in assisting a railroad surveyor in a survey made to eliminate a curve in a track used by the railroad company in both intrastate and interstate traffic was held to be engaged in interstate commerce. *Southern Railway Co.* v. *McGuin,* 240 *Fed. Rep.* 649. One engaged in driving holes in a concrete wall forming part of a railroad station used for both intrastate and interstate traffic, who was killed, was held to have been at the time engaged in interstate commerce. *Chrosciel* v. *N. Y. Central and Hudson River Railroad Co.,* 174 *App. Div.* 175. These cases suffice to show that the test is not whether an employe is at the time of the accident engaged in work indispensable to the functioning of the railroad as an interstate carrier, but whether the employe is working upon some instrumentality used by the carrier in its interstate business. In the present case, for the reasons herein expressed, the judgment of the Monmouth County Court of Common Pleas will be reversed and the judgment of the workmen's compensation bureau will be affirmed.