NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU

CATHERINE FLANAGAN, NEXT OF KIN OF RICHARD FLANAGAN, DECEASED, PETITIONER, v. ERIE RAILROAD COMPANY, RESPONDENT.

Death From Accident to Flagman at Street Crossing of Greenwood Lake Division of Erie Railroad—Evidence Shows That Railroad Was Engaged in Interstate Commerce—Case Dismissed.

On determination and order for dismissal.

The said cause coming on to be heard in the presence of Anthony A. Calandra, of counsel for the petitioner, and Parker, Emery & Van Riper, by George M. Shipman, Jr., counsel for the respondent, and the commissioner, having heard the testimony adduced on behalf of each of the respective parties and the arguments of counsel, is of the opinion that the determination of the question whether Richard Flanagan, deceased, at the time of the alleged accident, was engaged in interstate commerce so as to come within the provisions of the Federal Employers' Liability act, or whether the said Workmen's Compensation law of the State of New Jersey should control, is decisive of the case.

The evidence clearly shows that the said Richard Flanagan, deceased, on and about the time when the alleged accident occurred, was employed as a ground flagman at the grade crossing at Mt. Prospect avenue, Newark, New Jersey, of the Greenwood Lake Division of the Erie Railroad. The evidence further clearly shows that, at the time when said alleged accident occurred, and prior thereto and subsequent thereto, a large amount of freight was transported over the said Greenwood Lake Division to and from points outside the State of New Jersey. It further clearly appears from

the evidence that at the time of said alleged accident and prior thereto and subsequent thereto, a considerable number of passengers were transported over said Greenwood Lake Division from New York City, in the State of New York, to points in the State of New Jersey; said passengers being transported by ferries, owned and operated by the Erie railroad, from New York City to Jersey City, New Jersey, and thence by train to the point of destination. All of said freight and passengers passed over the point where said Richard Flanagan was stationed.

I, therefore, find that said Richard Flanagan was, at the time at which said alleged accident occurred, engaged in interstate commerce, and, this being so, the petitioner has not met the burden of proving that the decedent was engaged, at the time of the accident, in a service which was not regulated by the Federal Employers' Liability act. See *Carberry* v. *Delaware, Lackawanna and Western Railroad Co.,* 93 *N. J. L.* 414; 108 *Atl. Rep.* 364. Accordingly, the petitioner is not entitled to recover compensation in this proceeding.

It is therefore, on this 17th day of July, 1925, ordered that the petition herein be and the same is hereby dismissed.

HARRY J. GOAS,
*Deputy Commissioner.*