NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FABIANO AGRESTA, PETITIONER, v. NEW YORK, ON-
TARIO AND WESTERN RAILWAY COMPANY, RESPOND-
ENT.

Decided September 1, 1936.

For the petitioner, *Manuel J. Preola.*

For the respondent, *Charles J. Gormley.*

\*        \*        \*        \*        \*        \*        \*

The facts in the case *sub judice* are admitted. Petitioner
was employed by the respondent company as a track laborer
who at the time of accident was tightening a bolt on a
rail on the coal bridge located in the respondent's yards at
Weehawken, New Jersey. This bridge was used to unload
coal cars into bins which coal was transported by boats out-
side of state.

Petitioner stresses point that compensation had been paid
under the state statute. The payment of compensation is not
an admission of liability and does not bar employer from
interposing any valid defense at time of hearing.

I have carefully read the briefs submitted by both peti-
tioner and respondent and made a careful study of cases
referred to as well as other cases analogous to the issue.

The burden placed upon petitioner is to prove that his case
comes within the state statute. That doctrine is promul-

gated in the case of *Carberry* v. *Delaware, Lackawanna and Western Railroad Co.,* 93 *N. J. L.* 414; 108 *Atl. Rep.* 364; *Lincks* v. *Erie Railroad Co.,* 91 *N. J. L.* 166; 108 *Atl. Rep.* 176; *Brinsko's Estate* v. *Lehigh Valley Railroad Co.,* 90 *N. J. L.* 658; 102 *Atl. Rep.* 390; *Hart* v. *Central Railroad Co.,* 106 *N. J. L.* 31; 147 *Atl. Rep.* 733, and *Flynn* v. *New York, Susquehanna and Western Railroad Co.,* 90 *N. J. L.* 450; 101 *Atl. Rep.* 1034.

In *Vincelli* v. *New Jersey Central Railroad Co.,* 98 *N. J. L.* 726; 121 *Atl. Rep.* 132, the test as to whether or not an employe was engaged in interstate or intrastate commerce was stated to be "not whether an employe is at the time of the accident engaged in work indispensable to functioning of the railroad as an interstate carrier but whether employe is working upon some instrumentality used by the carrier in its interstate business.

In the Hart case above cited the court stated "some instrumentalities of interstate railroad, such as *bridges,* stations, road beds are permanently in interstate commerce." In *Frazier* v. *Hines,* 260 *Fed. Rep.* 874; *McLean* v. *Boston and Maine Railroad,* 116 *Atl. Rep.* 435, and *Johnson* v. *Atlantic Coast Line,* 107 *S. E. Rep.* 31, employes injured in repair of road bed were held to be engaged in interstate commerce.

I am, therefore, holding that petitioner was engaged in interstate commerce for the reason that: 1. Bridge in question was without doubt an instrumentality of interstate commerce by reason of its intimate and actual connection with such commerce. 2. The work being done by petitioner was a required act for the purpose of repairing an agency devoted to such commerce and which if not repaired would impede the same, and in view of these holdings I am dismissing petition.

It is, therefore, ordered that judgment be entered in favor of the respondent and that the petition herein be and the same is hereby dismissed.

JOHN C. WEGNER,
*Referee.*