[Sac. No. 2714.  In Bank.—October 16, 1917.]

## CYRIAKUS ZENZ et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—INJURY TO RAILROAD EMPLOYEE—IN-
DUSTRIAL ACCIDENT COMMISSION—JURISDICTION—INTERSTATE COM-
MERCE — CARRIER OF UNITED STATES MAIL — FEDERAL EMPLOYERS'
LIABILITY ACT.—A railroad company transporting United States
mails between different states is engaged in interstate commerce,
and where an employee of such a railroad company is injured while
delivering mail pouches, the act of Congress known as the Federal
Employers' Liability Act is applicable, and the Industrial Accident
Commission of the state is without jurisdiction to make an award
against the railway company.

APPLICATION for Writ of Review against the Industrial Accident Commission et al.

The facts are stated in the opinion of the court.

Cushing & Cushing, Hatton & Scott, and Ervin E. Richter, for Petitioners.

Christopher M. Bradley, for Respondent the Industrial Accident Commission.

E. N. Camp, Robert Brennan, U. T. Clotfelter, Paul Burks, and M. W. Reed, for Respondent Atchison, Topeka, and Santa Fe Railway.

ANGELLOTTI, C. J.—The petitioners, alleged dependents of Frederick Albert Zenz, deceased, who received injuries in the course of, and arising out of, his employment by the Atchison, Topeka, and Santa Fe Railway Company, which caused his death, sought from the Industrial Accident Commission an award against the Railway Company under the Industrial Compensation Act. After a hearing the commission found that the injury arose out of, and happened in the course of, employment, while the injured employee was performing service growing out of and incidental thereto, in the following manner: "While delivering pouches of mail from the depot at Riverbank to a train he was run down by

another train." It, however, dismissed the proceeding for want of jurisdiction, the Railway Company having pleaded and established to the satisfaction of the commission that the injury occurred while deceased was employed by the Railway Company in interstate commerce, and that, therefore, by reason of the act of Congress relating to the liability of common carriers by railroad to their employees, the act generally known as the Federal Employers' Liability Act, the commission was without jurisdiction.

On the application of petitioners an order to show cause why a writ of *certiorari* or other appropriate writ should not issue was made. Answers have been filed both by the commission and the respondent Railway Company, and the matter has been submitted upon such petition and answers.

It appears that the commission also found as follows: "That at said time the defendant was a common carrier by railroad engaged in commerce between different states of the United States and said Frederick Albert Zenz was engaged by the defendant in such commerce; that this commission is therefore without jurisdiction in this proceeding."

It was stipulated at the hearing before the commission that the occupation of deceased "was that of a call boy and delivering United States mail from the defendant's depot to defendant's trains and *vice versa,* taking United States mail from defendant's trains to defendant's depot, and that while in the performance of this duty of carrying United States mail from the defendant's depot to defendant's train, the deceased employee met with injuries, causing subsequent death." It is not disputed, as set up in the answers, that the Railway Company was a common carrier by railroad engaged in interstate commerce, operating trains between the state of California and other states of the United States, and that the train to which decedent was delivering the mail at the time of his injury was an interstate train engaged in interstate commerce, which had stopped at Riverbank on its way to its destination in the state of California. It is further set up in each of the answers that evidence was produced before the commission to the effect that the article being handled by the decedent at the time and place of injury, viz., United States mail, consisted in part of com-

munications and mail destined to points without the state of California.

The real contention of petitioners, as stated in their petition, is that inasmuch as the carriage in regard to which the employer was engaged, in so far as any service of deceased was concerned at the time he received his injury, was the carriage of United States mail, it was not and could not be, with respect to such service, a common carrier engaged in interstate commerce, within the meaning of the act of Congress referred to, with the result that such act having no application, the jurisdiction of the Industrial Accident Commission was complete. "If the federal statute was applicable, the state statute was excluded by reason of the supremacy of the former under the national constitution." (*St. Louis etc. Ry. Co.* v. *Seale*, 229 U. S. 156, [Ann. Cas. 1914C, 156, 57 L. Ed. 1129, 33 Sup. Ct. Rep. 651].) If the federal statute was not applicable, the Industrial Accident Commission had jurisdiction.

Basing their claim upon certain decisions to the effect that a railroad company in carrying United States mail is not, with respect to such service, acting as a "common carrier," with the corresponding rights and liabilities of that relation, but is, in that particular service, serving as an agency of government (see *Atchison etc. Ry. Co.* v. *United States*, 225 U. S. 640, [56 L. Ed. 1236, 32 Sup. Ct. Rep. 702]; *Bankers' Mutual Casualty Co.* v. *Minneapolis etc. Ry. Co.*, 117 Fed. 434, [65 L. R. A. 397, 54 C. C. A. 608]; *Central R. R. & B. Co.* v. *Lampley*, 76 Ala. 357, [52 Am. Rep. 334]; *Boston Ins. Co.* v. *Chicago etc. Co.*, 118 Iowa, 423, [59 L. R. A. 796, 92 N. W. 88]), it is urged by petitioner that the Federal Employers' Liability Act can have no application here. It is urged by counsel that the act applies only to such service as is being performed by the railroad company under such circumstances as make it a "common carrier," with all the resultant legal rights and obligations, with relation to the person for whom the service is performed. The language of the act is "that every common carrier by railroad which engaged in commerce between any of the several states and territories . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or,

in case of the death of such employee, to his or her personal representatives,'' etc.

No one of the cases cited by learned counsel for petitioners arose under the Federal Employers' Liability Act, and cannot be taken as authority upon its proper construction. The first case cited (*Atchison etc. Ry. Co.* v. *United States, supra*) had to do solely with the question of the relations of the carrier of mail to the government, its rights and liabilities in regard thereto, and it was held that with relation to the government it was not ''acting as a common carrier, with corresponding rights and liabilities,'' but as an agency of the government under contract with the government. In the other cases the litigation involved the question of the liability of the carrier to senders and addressees of mail matter. It was held that the carrier of mail was not with respect to senders and addressees of mail, ''a common carrier,'' with corresponding rights and liabilities, but, with regard to them, was acting solely as a government agency. We think this distinction, so important when we are considering the question of the rights and obligations of the railroad carrier with relation to the government, and the senders and addressees of mail, is unimportant here. In enacting the Federal Employers' Liability Act Congress was endeavoring to cover the whole field of the relations between carriers by railroad engaged in interstate commerce and their employees, with respect to their obligations to the employees, and the remedies of the latter for any violation of those obligations. Whether in a particular case one primarily engaged in the business of a common carrier is carrying particular goods in that capacity rather than as a mere agent or under some other kind of contract is of importance only as relates to his obligations and liabilities to those for whom he carries, a matter having no real pertinency to the subject matter of this legislation. To our minds, the expression ''common carrier by railroad'' was used simply to designate the class of employer subject to the act, and, as put by counsel for respondents, ''in the generic definitive sense'' as including only common carriers ''by railroad'' as distinguished from common carriers by other means of transportation. If the employer is primarily engaged in the business of transporting passengers and freight for hire by railroad as a common carrier, it comes within the act, as to its railroad of course,

provided always that it is subject to the act only while engaged in interstate commerce, and only on account of injuries or death suffered by an employee while he is employed by such carrier in such commerce. That the Atchison, Topeka, and Santa Fe Railroad Company was primarily a "common carrier by railroad," actually engaged in its business as such at the time of the accident, is not questioned. The remaining question is, then, whether in the matter of the transportation of this mail it was engaged in interstate commerce, entirely regardless of whether it transported such mail, so far as its relations with the government are concerned, as a common carrier or as an agency of the government.

We think there can be no serious question, in view of the decisions, that the transportation of mail between different states and territories is interstate commerce. It was said in the case of *Pensacola Tel. Co.* v. *Western Union Tel. Co.*, 96 U S. 1, [24 L. Ed. 708], that "since the case of *Gibbons* v. *Ogden*, 9 Wheat. (U. S.) 1, [6 L. Ed. 23], it has never been doubted that commercial intercourse is an element of commerce which comes within the regulating power of Congress. Postoffices and post roads are established to facilitate the transmission of intelligence." In that case it was held that the transmission of intelligence by electricity is interstate commerce. The transmission of wireless messages between states is held to be interstate commerce (*Marconi Wireless Tel. Co.* v. *Commonwealth*, 218 Mass. 558, [Ann. Cas. 1916C, 214, 106 N. E. 310]), as is also the transmission of information between states through the mails by correspondence schools (*International Text-book Co.* v. *Pigg*, 217 U. S. 91, [54 L. Ed. 678, 18 Ann. Cas. 1103, 27 L. R. A. (N. S.) 493, 30 Sup. Ct. Rep. 481]). There can be no doubt that the transmission of letters or parcels by a railroad for an express company between states is interstate commerce.

We are of the opinion that the fact that the transportation of mail is for the federal government can make no difference in this respect. When mail is transported from one state to another, such transportation is interstate commerce, although the carrier be acting under contract with the government and as one of its agencies. This was expressly decided by the supreme judicial court of Massachusetts in the recent case of *Lynch* v. *Boston & M. R. R.*, 227 Mass. 123, [116 N. E. 401].

It follows from what we have said that the Industrial Accident Commission did not err in its conclusion that it was without jurisdiction to make an award in this matter.

The order to show cause is discharged and the proceeding dismissed.

Shaw, J., Henshaw, J., and Melvin, J., concurred.