## MISSOURI PAC. R. CO. v. BALDWIN. (No. 2859.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 27, 1924. Rehearing Denied March 6, 1924. Writ of Error Granted April 30, 1924.)

1. **Appeal and error** ⟣1170(7)—**Unresponsiveness of answer to interrogatory held not to require reversal.**

Error in overruling objection to answer of witness testifying by deposition, as not responsive to interrogatory, *held* not cause for reversal under rule 62a.

2. **Evidence** ⟣498½—**Admission of nonexpert testimony as to sanity held proper.**

Admission of testimony of coemployees of plaintiff associated with him in same kind of work, and who saw him frequently, as to effect of injuries sued for on his mental condition, *held* not an abuse of trial court's discretion.

3. **Appeal and error.** ⟣499(3)—**Exclusion of evidence not reviewed where grounds of objection not shown by bill of exceptions.**

Alleged error in excluding release offered by defendant not considered on its appeal where bill of exceptions does not show grounds of plaintiff's objection, or that his objection was merely general one.

4. **Appeal and error** ⟣1068(5)—**Refusal of requested charge held not error, where evidence did not sustain it.**

Where testimony would not have supported finding in appellant's favor on issue presented by its requested instruction as to whether plaintiff's injuries caused impairment of his mind, refusal of it was not cause for reversal.

5. **Commerce** ⟣33—**Transportation of mail is interstate commerce.**

Transportation of mail between different states and territories is interstate commerce.

6. **Commerce** ⟣27(5) — **Injury to employee while unloading mail held received while engaged in interstate commerce.**

One employed in handling mail transported in interstate commerce, and injured while unloading it at its destination, is injured while engaged in interstate commerce within federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665).

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by Morris Sheppard Baldwin, by his next friend, against the Missouri Pacific Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

On December 4, 1920, appellee, then 16 or 17 years of age, in appellant's service as a "mail handler" at its depot in Texarkana, was in a car assisting other employes of appellant in unloading sacks of mail from same, when other cars collided with the one he was in, throwing him therefrom to the ground, thereby injuring his person. Alleg-

ing that the collision was due to negligence on the part of appellant which rendered it liable to him for damages, appellee, by his father, Marcus Baldwin, as next friend, prosecuted this suit, and obtained the judgment for $10,000 from which the appeal is prosecuted.

Leake & Henry, of Dallas, for appellant.

Jones, Sexton & Jones, of Marshall, and Keeney & Dalby, for Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). The contention that the court erred when he refused to sustain appellant's objection to the depositions of the witnesses Foster, Morris, Fish, and Braswell, on the ground that it did not appear that the answers of the witnesses, respectively, were "subscribed and sworn to" by them, respectively, is overruled. Contrary to the contention, it plainly appeared, we think, from the certificates (set out in the bills of exceptions) of the officer who took the depositions, that each of the witnesses did "subscribe and swear to" his answers to the interrogatories propounded to him.

[1] A question as follows was propounded by appellee to his witness Fish, who testified by deposition:

"If you state that Morris Sheppard Baldwin returned .to his work after the 4th day of December, 1920, state whether or not he was physically and mentally able to attend to his work as well as he had been prior to the 4th of December, 1920."

The answer of the witness to the interrogatory was as follows:

"I could not say about .that, for I was with him only three nights and after that he went on a different shift from mine. From the conversation I have had with him and from his general demeanor I say that he is not capable of doing that kind of work. He appears to be physically able to do that work."

Appellant objected to the second sentence of the answer on the ground that it was not responsive to the interrogatory, and complains because the court overruled his objection and admitted same as evidence. We think the objection should have been sustained, and that the part of the answer specified should have been excluded as evidence, but we do not think the error in admitting it requires a reversal of the judgment. Rule 62a for the government of Court of Civil Appeals.

[2] A contention at the trial was that one of the effects of the injury to appellee was to render him insane. With reference to this the nonexpert witnesses Reaves, Fish, Fisher, and Foster were permitted over appellant's objection, to testify that appellee's "mind was not right," or that "he was insane," after he suffered the injury. The grounds of the objection, in effect, were that it did not appear that the acquaintance of the witnesses with appellee and their opportunities to observe his conduct, etc., were such as entitled them to testify as to his mental condition. It appeared that the witnesses named and appellee were engaged as employés of appellant in the same character of work and at the same place both before and after the accident, and that each of them saw him frequently. Hence we do not think it appears that the trial court abused the discretion he had (22 C. J. 609) when he admitted the testimony objected to, and therefore overrule appellant's contention. 22 C. J. 605 et seq.; 11 R. C. L. 601.

[3] It appears from a bill of exceptions in the record that an instrument purporting to be a release by appellee of damages he sued for was objected to when offered as evidence by appellant, and was excluded by the court on the ground that "no settlement [quoting] was pleaded by defendant." The grounds of the objection urged by appellee are not stated in the bill. Therefore appellant is not entitled to have this court consider its contention that the trial court erred when he excluded the testimony. Lumber Co. v. Ry. Co., 106 Tex. 12, 155 S. W. 175; Ry. Co. v. Jarrell, 38 Tex. Civ. App. 425, 86 S. W. 632; Bank v. Smith (Tex. Civ. App.) 160 S. W. 311; Hall v. Ray (Tex. Civ. App.) 179 S. W. 1135; Bank v. Patterson (Tex. Civ. App.) 185 S. W. 1018; Wittliff v. Tucker (Tex. Civ. App.) 208 S. W. 751; Carothers v. Finley (Tex. Civ. App.) 209 S. W. 801; Gaal v. Camp (Tex. Civ. App.) 164 S. W. 1070. As we understand the ruling in Walter v. Leonard, 89 Tex. 507, 35 S. W. 1045, cited by appellant, it is not contrary to the one we have made. In that case it appeared from the bill of exceptions that only a general objection to the testimony was interposed. In this case it does not so appear, but rather it appears from the bill that the objection may not have been a general one, but was on grounds specified, a statement of which was omitted from the bill. The other case cited by appellant, to wit, Schoonmaker v. Clardy (Tex. Com. App.) 244 S. W. 124, seems to have been decided on the authority of Waller v. Leonard, without noting the character of the objection in the latter case which differentiates it from cases like those cited above.

[4] It appeared from testimony admitted by the court that in July, 1921, after the injury to appellee in December, 1920, he underwent a surgical operation for appendicitis. On the theory that the impairment, if any, of appellee's mind might have been a result of the surgical operation, appellant asked the court to instruct the jury to find in its favor if they believed such impairment, if any existed, "would not have arisen" but for the operation. As we construe the testimony it would not have supported a find-

ing in appellant's favor on the issue presented by the requested instruction. Therefore we overrule the contention based on the refusal of the court to give it. And for a like reason we also overrule the contention predicated on the refusal of the special charge requested by appellant which, had it been given, would have instructed the jury to find in its favor if they believed appellee "had a natural predisposition to insanity or mental disease greater than that of the usual or average individual and this natural predisposition, if any, was not known to the defendant on or before December 4, 1920, and further believed that the ordinary or average person would not have had his mind injured or impaired by the injury received by the plaintiff in December, 1920."

[5, 6] The suit having been brought under the federal Employers' Liability Act (sections 8657–8665, U. S. Comp. Stats.), appellant insists that proof that it was engaged in interstate commerce and that appellee was employed by it in such commerce at the time of the accident was indispensable to the existence of a right in him to recover against it. In its briefs appellant sets out testimony of the witness Morris, which, it says, was all the testimony relevant to that issue, and which, it insists, was wholly insufficient to establish the affirmative thereof. The testimony set out as stated was as follows:

"Young Morris Baldwin was working there, and at the moment of the collision he was working inside a storage mail car that had come in there in the afternoon from St. Louis, No. 7, which had been placed on a track just west of the depot. The collision occurred the same day that this mail car came in, but I couldn't tell you just exactly how long after No. 7 came in; an hour or so. The mail was being unloaded from the car and a part of it was to be set to the terminal to be reworked and other parts of it was to be dispatched to different trains. In other words, it was the breaking up and redistribution of the mail; it had not reached its journey then. It would come in from various Texas points, and then the mail was separated so as to send part of it out over the Texas & Pacific, and a part over the Cotton Belt, and a part of it over the Missouri Pacific, and so on. I believe the mail was brought in there by the Missouri Pacific. I could not say as to who Mr. Baldwin was working for; I am not in the same employ, and I don't know. I know he and others were working with me, but I could not say they were employed by the Missouri Pacific. I believe the Missouri Pacific operated a railroad into Texarkana from St. Louis in the regular and freight business. I do not recall the day of the week or the day of the month that this collision occurred, not for sure; but I believe it was some time in December, 1920, perhaps in the late afternoon. I do not recall how long

Mr. Baldwin had been in this car unloading the mail, but perhaps an hour. I am at this time in the government's employ in the railway mail service, and have been in that service about seven years."

In support of the contention it is urged that United States mail was not the subject of "commerce" within the meaning of the statute, and that, if it was, it appeared in this instance that the interstate transportation of the mail "had come to an end." The contention is overruled. It has been held repeatedly, and we think correctly, "that," quoting from the opinion of the court in Zenz v. Industrial Accident Commission, 176 Cal. 304, 168 Pac. 364, L. R. A. 1918D, 423, "the transportation of mail between different states and territories is interstate commerce." And see note to Ry. Co. v. Industrial Accident Commission, 10 A. L. R. 1181, 1233, and Lynch v. Ry. Co., 227 Mass. 123, 116 N. E. 401, L. R. A. 1918D, 419, where the court said: "It cannot be doubted that the transportation of mail stands upon the same footing as the transportation of freight, baggage or other commodities." And we think it is as well settled that an employé of a common carrier engaged in unloading freight which his employer has transported from one state to another is employed in interstate commerce within the meaning of the act. Cox v. Ry. Co., 111 Tex. 8, 222 S. W. 964; Hines v. Wicks (Tex. Civ. App.) 220 S. W. 581; Ry. Co. v. Industrial Accident Commission, 251 U. S. 259, 40 Sup. Ct. 130, 64 L. Ed. 258, 10 A. L. R. 1181; and cases cited above. If, however, we agree with appellant that the testimony did not show that it was engaged, and that appellee was employed by it, in interstate commerce at the time the accident occurred, we probably would not reverse the judgment for that reason; for we are inclined to think it would not have followed, necessarily, because appellee brought his suit under the federal statute, that he would not have been entitled to recover as he did had it appeared that his case was not within that statute. In such a case we are inclined to think that a recovery had by a plaintiff should be sustained if warranted by the applicable statute of this state, to wit, articles 6648 to 6652, Vernon's Statutes, Ry. Co. v. Hayes, 234 U. S. 86, 34 Sup. Ct. 729, 58 L. Ed. 1226; Osborne v. Gray, 241 U. S. 16, 36 Sup. Ct. 486, 60 L. Ed. 865; Grow v. Ry. Co., 44 Utah, 160, 138 Pac. 398, Ann. Cas. 1915B, 481.

Other contentions presented in appellant's brief are not more meritorious than those stated above, and are also overruled.

The judgment is affirmed.