## Forbes, Appellants, *v.* New York, Ontario and Western Railway Co.

*Workmen's Compensation Act—Federal Employers' Liability Act —Interstate commerce—Call boys—Classification of employment.*

A call-boy employed by a railroad company to summon crews operating trains engaged in interstate commerce, who was injured while on his way to make a call, is engaged in interstate commerce, and cannot recover under the Workmen's Compensation Act of Pennsylvania.

Employment follows interstate transportation and begins where the workman, on a carrier's premises, makes a forward move to serve in that traffic or employment and ends only after he has completely dissociated himself therefrom.

Decedent's employment in summoning the crew to take out the interstate train, was interstate in character; his work was a forward move immediately necessary to continue the interstate transportation begun by the assembling of the cars into the train.

Argued March 3, 1925. Appeal, No. 33, Feb. T., 1925, by plaintiff, from judgment of C. P. Lackawanna Co.,

Oct. T., 1924, No. 996, in the case of William R. Forbes and Margaret Forbes v. New York, Ontario and Western Railway Company.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Appeal from decision of Workmen's Compensation Board.   Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal.   Plaintiffs appealed.

*Error assigned* was the decree of the court.

*John M. Gunster,* and with him *John B. Jordan,* for appellant.—At the time of the accident the decedent was not engaged in interstate transportation: Sullivan v. Balto. & Ohio R. R. Co., 272 Pa. 429; Hancock v. P. & R. R. R. Co., 253 U. S. 284, 64 L. ed. 907; Martini v. Director Gen. of R. R., 77 Pa. Superior Ct. 529, at p. 531; Lamlein v. Director Gen. of R. R., 77 Pa. Superior Ct. 534, at p. 537; Mitchell v. Louisville & Nashville R. R. Co., 194 Ill. App., 77; St. L. S. F. & T. R. Co. v. Seale, 229 U. S. 156.

*Thos. F. Wells,* for appellee.—The decedent was employed to assemble a crew operating an interstate commerce train, and was engaged in interstate commerce: Lamphere v. Oregon R. & Nav. Co., 196 Fed. Rep. 336; C. B. & Q. R. R. Co. v. Harrington, 241 U. S. 177; Shanks v. D., L. & W. R. R. Co., 239 U. S. 556; Pedersen v. D., L. & W. R. R. Co., 229 U. S. 146; P. & R. Ry. Co. v. DiDonato, 256 U. S. 327; Southern Ry. Co. v. Puckett, 244 U. S. Rep. 571; Erie R. R. Co. v. Szary, 253 U. S. 86; Erie R. R. Co. v. Collins, 253 U. S. 77.

OPINION BY LINN, J., April 28, 1925:

Workmen's compensation was refused by the compensation board and by the court below on the ground that

decedent and his employer were both engaged in interstate commerce at the time of his death; no other point is involved.

In its freight yard, at Scranton, Pennsylvania, appellee had made up a train,—in the evidence called Extra 360—which was ready to be moved by an extra crew to Cadosia, New York. The crew dispatcher had under him certain call boys whom he would send to call the members of a train crew, when their services were required to take a train to destination. He instructed decedent to summon McGovern and McClaver for eleven o'clock to take this train to Cadosia, New York. Decedent went to McGovern's home and summoned him but was fatally injured before reaching, but while going toward McClaver's home. McGovern and the necessary crew came and took the train to Cadosia.

For appellant, it is contended, that summoning the crew to make the interstate run, was not employment so closely related to interstate transportation as to be practically a part of it, (Sullivan v. B. & O. R. R. Co., 272 Pa. 429, 433).

The Federal Employers' Liability Act, in specified circumstances creates liability in favor of "any person suffering injury while he is employed by such carrier in such commerce......" One injured while so employed may enforce the liability imposed by that statute, but he may not recover under the State Workmen's Compensation Law: R. R. Co. v. White, 243 U. S. 189: "......if there is an element of interstate commerce in a traffic or employment it determines the remedy of the employee": Ry. Co. v. Polk, 256 U. S. 332, 334.

No line has been drawn separating employments within from those without the interstate category. On one side are the cases (to refer only to some of them) holding that the federal statute does not include employment in or about structures or road not yet devoted to transportation service, (R. R. v. White, supra; Raymond v. Ry. Co., 243 U. S. 43), or about machinery in a shop to

be used for repair or equipment of both classes, but not yet used for either, (Shanks v. R. R. Co., 239 U. S. 556); or repairing an engine temporarily out of service, (R. R. v. Winters, 242 U. S. 353); or the mining of coal, (R. R. v. Yurkonis, 238 U. S. 439); or to a yard conductor who had performed his instructions and was reporting to a yard master for orders, (R. R. v. Welsh, 242 U. S. 303); or to spotting coal cars to a coal chute in railroad yard after the interstate movement had ended, (R. R. v. Harrington, 241 U. S. 177). On the other hand, the employment is interstate if the employee carries bolts to be used to repair a bridge in use for transportation purposes, (Pedersen v. R. R., 229 U. S. 146); or carries material to raise a wreck, (Ry. v. Puckett, 244 U. S. 571); spots cars on siding as part of their interstate movement, (R. R. v. Carr, 238 U. S. 260); or guards a grade crossing, (Ry. v. DiDonato, 256 U. S. 327); or operates signal tower and water tank for both classes of commerce, injured while starting the pump engine, (Collins v. R. R., 253 U. S. 77) or returns from an ash pit into which he had dumped ashes from a stove used for drying sand for locomotives of both classes, (R. R. v. Szary, 253 U. S. 86); or if a yard clerk goes through a freight yard to meet an incoming train carrying interstate freight, to inspect and record the car seals, check the conductor's lists and mark the cars for the guidance of yard switching crews, (Ry. Co. v. Seale, 229 U. S. 156); or while a fireman prepares his engine for his interstate trip, R. R. v. Zachary, 232 U. S. 248).

In Koons v. Ry. Co., 271 Pa. 468, 470, the court said: "Employment follows interstate transportation and begins when the workman, on a carrier's premises, makes a forward move to serve in that traffic or employment and ends only after he has completely dissociated himself therefrom."

Decedent's employment in summoning the crew to take out the interstate train, was within the second class of cases and therefore interstate in character; his work

Opinion of the Court.   [85 Pa. Superior Ct.

was a forward move immediately necessary to continue the interstate transportation begun by the assembling of the cars into the train.   The fact that the employment of call boys was required of the railroad company by some arrangement with the Brotherhood of Engineers, does not affect the classification of the employment.

Judgment affirmed.