MISSOURI PAC. RY. CO. v. BALDWIN.
(No. 659–4169.)

(Commission of Appeals of Texas, Section A. June 27, 1925.)

1. Commerce ⚖️➡️27(5)—Test whether cause of action within federal Employers' Liability Act stated.

Generally, where applicability of the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) is uncertain, the character of employment in relation to commerce may be adequately tested by inquiring whether at the time of injury employee was engaged in work so closely connected with interstate transportation as practically to be a part of it.

2. Commerce ⚖️➡️27(5)—Action for injuries, while unloading mail, properly brought under federal law.

Action for injuries to employee while unloading mail from interstate car at distributing point was properly brought under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665).

3. Depositions ⚖️➡️75 — Certificate to depositions held sufficient.

Notary's certificate to deposition reciting that the answers were made, reduced to writing, read over to the witness, and were then "signed and sworn to be before me," held sufficient to show that answers were sworn to by the witness who made the answers.

4. Appeal and error ⚖️➡️1050(1)—Overruling objection on ground of unresponsiveness to interrogatory held not injurious.

Action of trial court in overruling objection to evidence on ground of unresponsiveness to an interrogatory held not injurious; it appearing that witness, in replying to other interrogatories, testified to the same effect.

5. Evidence ⚖️➡️128—Statements made at medical examination held admissible.

Statements made in connection with and as a result of examination of plaintiff by medical expert to whom he went for purpose of making expert a witness in his behalf were admissible.

Error to Court of Civil Appeals of the Sixth Supreme Judicial District.

Action by Morris Shephard Baldwin against the Missouri Pacific Railway Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (261 S. W. 418), and defendant brings error. Affirmed.

Leake & Henry, of Dallas, for plaintiff in error.

Jones, Sexton & Jones and Barret Gibson, all of Marshall, and Keeney & Dalby, of Texarkana, for defendant in error.

CHAPMAN, J. Defendant in error, Baldwin, brought suit against plaintiff in error railway company in one of the district courts of Texarkana under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) on account of injuries received by him while unloading United States mail from a car at Texarkana, Tex. Texarkana is a distributing point for mail that is carried there by the carload. The car mentioned was a through car of mail from St. Louis to Texarkana, and at Texarkana it was to be unloaded and part of the mail carried to other trains and part to the terminal to be carried by the other trains and from the terminal to its final destination at various points in the country surrounding Texarkana. After the car had been in Texarkana for about an hour, and after having been placed on a siding, Baldwin, an' employee of the railway company, with others, was engaged in unloading the mail from the car for the purposes above stated and while so engaged the car was struck by other cars being bumped against it, and by the impact Baldwin was thrown from the car to the ground, and received injuries for which he recovered $10,000 against plaintiff in error. The case was appealed, and was affirmed by the Court of Civil Appeals of the Sixth District, 261 S. W. 418.

[1] Plaintiff in error raises the issue that under the facts mentioned Baldwin was not engaged in interstate commerce, and that therefore the cause cannot be maintained under the federal Employers' Liability Act. The test as to whether a cause of action comes within the terms of the federal Employers' Liability Act is stated in Southern Pacific Co. v. Industrial Accident Commission, 251 U. S. 263, 40 S. Ct. 131, 64 L. Ed. 260, 10 A. L. R. 1181, as follows:

"Generally, when applicability of the federal Employers' Liability Act is uncertain, the character of the employment, in relation to commerce, may be adequately tested by inquiring whether at the time of the injury, the employee was engaged in work so closely connected with interstate transportation as practically to be a part of it."

In the case of Lynch v. Boston & Mass. R. R., 227 Mass. 123, 116 N. E. 401, L. R. A. 1918D, 419, an employee was killed by an interstate train on approaching it for the purpose of receiving from the mail clerk upon the train the mail bags for his local station. The court held that the cause of action in this case should have been brought under the

federal law, and we quote from the opinion as follows:

"As the evidence shows that the decedent was on his'way to the car for the purpose of taking the mail from this interstate train in the performance of his duty, it is plain that he was engaged in interstate commerce when he met with the injuries which resulted in his death.

"It cannot be doubted that the transportation of mail stands upon the same footing as the transportation of freight, baggage or other commodities: It is common knowledge that railroad companies carry mail under contracts entered into with the federal government authorized by statute and that such transportation is paid for in accordance with the terms of such contracts. The fact that the carriage is for the federal government does not stand different than if the service is rendered to an individual; it is a part of the regular business of railroads from which they derive a substantial revenue."

In Zenz et al. v. Industrial Accident Commission et al., 176 Cal. 304, 168 P. 364, L. R. A. 1918D, 423, an employee, while delivering pouches of mail from the depot at his station to an interstate train, was run down by another train, and the court held that he was engaged in interstate commerce, and discussed that issue in these words:

"We think there can be no serious question, in view of the decisions, that the transportation of mail between different states and territories is interstate commerce. * * *

"We are of the opinion that the fact that the transportation of mail is for the federal government can make no difference in this respect. When mail is transported from one state to another, such transportation is interstate commerce, although the carrier be acting under contract with the government and as one of its agencies."

In Cox v. St. Louis & S. F. R. R. Co., 111 Tex. 8, 222 S. W. 964, Justice Greenwood, for the Supreme Court, made this observation:

"Cox suffered his injuries while he was engaged in unloading freight shipped from Texas to Oklahoma. He was therefore injured while employed by the carrier in interstate commerce, and liability for his injuries is governed by the federal Employers' Liability Act."

[2] From these authorities we can reach no other conclusion than that the cause was properly brought under the federal law.

[3] Defendant railway company, in the trial court, objected to the introduction of the depositions of several witnesses on the alleged ground that it did not appear from the official certificate of the officer taking such depositions that the answers of the witnesses were subscribed and sworn to by the witness before the officer taking the deposition. The certificate of the officer was as follows:

Opening certificate: "Answers and depositions of the witness, Tom B. Morris, taken before me, the undersigned authority, under and by virtue of the attached waiver in answer to the attached interrogatories and cross interrogatories."

Concluding certificate, following answer to direct interrogatories and immediately below signature of witness: "Subscribed and sworn to before me this the 17th day of April, 1923. [Signed] G. C. Barkman, Notary Public, Bowie County, Texas."

Certificate following answer to cross-interrogatories and immediately below the signature of the witness: "Subscribed and sworn to before me this the 17th day of April, 1923. [Signed] G. C. Barkman, Notary Public, Bowie County, Texas."

"The State of Texas, County of Bowie. I, G. C. Barkman, a notary public in and for Bowie county, Texas, do hereby certify that the above and foregoing answers of the witness, Tom B. Morris, were made before me, reduced to writing, read over to the witness, and were then signed and sworn to before me. Given under my hand and seal of office this the 17th day of April, 1923. [Signed] G. C. Barkman, Notary Public, Bowie County, Texas."

We understand the law to be that, if the certificate of the notary is a substantial compliance with the requirement of the statute, that it is sufficient. We have read the cases cited by both parties on the question of the sufficiency of a notary's certificate to deposition, and find that the certificate in each case is different, and that in no case cited is the certificate exactly like the one under consideration. Therefore none of the cases are decisive of the question in this case, and we are left to apply the law to the facts of this particular case to determine whether or not there is a substantial compliance with the statute. The question as stated is: Does the certificate show that the witness subscribed and swore to the answers before the officer that took his deposition? It will be seen that the witness signed immediately below the answers to both the direct and cross-interrogatories, and that following the signature in each instance we find the certificate of the notary: "Subscribed and sworn to before me, this the 17th day of April, A. D. 1923," followed by the signature of the notary showing his official capacity. The final certificate is that the answers of the witness were made before the notary, reduced to writing, read over to the witness, and were then signed and sworn to before the notary. The whole instrument shows clearly that it was signed by the witness who made the answers, for his name appears at the close of the answers to the direct interrogatories and at the close of the answers to the cross-interrogatories, and the final certificate also shows clearly that the answers were read over to the witness who gave the answers, and it seems to us that no

other reasonable construction could be placed on the certificate than that the witness that the answers were read over to and who signed the instrument was the same party who swore to the answers before the notary. It clearly appears from the certificate that the answers were sworn to, and it can mean nothing else than that the affidavit was made by the witness who made the answers. We therefore conclude that the notary's certificate was a substantial compliance with the law.

[4] The following question was asked one of the witnesses:

"If you state that Morris Sheppard Baldwin returned to his work after the 4th day of December, 1920, state whether or not he was physically and mentally able to attend to his work as well as he had been prior to the 4th of December, 1920."

The answer of the witness to the interrogatory was as follows:

"I could not say about that, for I was with him only three nights, and after that he went on a different shift from mine. From the conversation I have had with him and from his general demeanor, I say that he is not capable of doing that kind of work. He appears to be physically able to do that work."

Plaintiff in error objected to the second sentence of the answer on the ground that it was not responsive to the interrogatory, and complains because the court overruled his objection and admitted same as evidence. We have carefully examined the statement of facts as to the evidence given by this witness, and find that in other portions of his evidence, evidently in answer to other interrogatories, he testified fully as to the mental condition of Baldwin at and before the time of the trial, and stated that he appeared to be strong physically, but was wrong mentally. Therefore there could have been no injury to the rights of plaintiff in error under these conditions.

[5] Plaintiff in error complains of the action of the trial court in admitting in evidence over its objection declarations of defendant in error as to his physical condition made to a medical expert to whom he went for the purpose of making the expert a witness in his behalf. Defendant in error Baldwin's statement, made to the doctor on the occasion of the examination made of him by the doctor, as related by the doctor as a witness, was as follows:

"In the examination I began with his eyes. In so far as the reaction was concerned, his eyes appeared normal, but he complained of some dizziness when standing with eyes closed. The superficial sensation of the skin and muscles, as far as I could get from him, appeared to be normal, with some pain complained of about his shoulders and back, and particularly about the middle and lower part of his spine,

he complained of the pain. Pulse 104, sitting, after slight exercise, 120, he complained of popping in his ear at times, and reflexes, by tapping of the muscles. * * *"

From this statement it would seen that the statements made by Baldwin to the doctor were made in connection with and as a result of the examination made by the doctor. At least, it does not clearly appear that such statements were not so made, and, if they were so made they were admissible under the rule stated in M. K. & T. Ry. Co. v. Johnson, 95 Tex. 409, 67 S. W. 768. We have examined the other questions raised by plaintiff in error, and are of opinion that they have been properly disposed of by the Court of Civil Appeals.

We recommend that the judgments of the Court of Civil Appeals and the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.