CHARLES R. DEWING *vs.* NEW YORK CENTRAL RAILROAD
COMPANY.

Hampden.    September 22, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Pleading, Civil,* Declaration. *Negligence,* Employer's liability. *Interstate
Commerce.*

A declaration in an action of tort against a railroad corporation by one
of its employees, which contained allegations merely that the plaintiff
"was greatly injured by reason of the negligence of the defendant,
and has suffered great pain and body anguish [*sic*] of mind," cannot
be construed as stating a case under the Federal employers' liability
act, but must be deemed to be a count based upon the common law.

Where, at the trial of such action, it appeared that the defendant was
not insured under the Massachusetts workmen's compensation act;
that the plaintiff at the time of his injury was employed by the de-
fendant as a mail porter, his work being to lift sacks of mail, coming
to the Union Station in Springfield from the post office or from mail
trains, into mail cars to be carried to their destinations, and was
loading mail for transportation to places in Massachusetts and Ver-
mont; that, owing to rough play in which his fellow employees, in-
cluding his immediate foreman, had engaged for a period of over a
year, using him as a victim, he was apprehensive of an assault as he
was lifting a sack of mail to a car, dodged and threw the sack at the
same time, felt something snap in his body, and found that he was
hurt; and that the previous assaults had not impaired his health.
There was no evidence that the previous assaults had had any con-
tinuing effect. A verdict was ordered for the defendant. *Held,* that

(1) The plaintiff's cause of action, if any he had against the de-
fendant, arose at the moment he was hurt;

(2) At that moment the plaintiff was engaged in the interstate
transportation of mail because some of such mail was destined for
another State;

(3) The plaintiff being engaged in interstate commerce at the time
the cause of action arose, he could not recover at common law;

(4) The verdict for the defendant rightly was ordered.

TORT, with a declaration described in the opinion. Writ
dated August 17, 1929.

In the Superior Court, the action was tried before *Weed,*
J. Material evidence is stated in the opinion. Subject to
leave reserved under G. L. (Ter. Ed.) c. 231, § 120, a ver-

dict was recorded for the plaintiff in the sum of $750. The judge then ordered entered a verdict for the defendant, and the plaintiff alleged exceptions.

The case was submitted on briefs.

*R. J. Talbot & R. Lasker*, for the plaintiff.

*J. P. Kirby*, for the defendant.

LUMMUS, J. The plaintiff, having waived the second count of his declaration, which was drawn under the Federal employers' liability act (35 U. S. Sts. at Large, 65, 66, c. 149, 36 U. S. Sts. at Large, 291, c. 143), obtained a verdict from the jury upon the first count, which alleged merely that "he was greatly injured by reason of the negligence of the defendant, and has suffered great pain and body anguish [*sic*] of mind." This vague allegation, under our practice which in this respect controls (*Central Vermont Railway* v. *White*, 238 U. S. 507; *Atlantic Coast Line Railroad* v. *Mims*, 242 U. S. 532; *Nevada-California-Oregon Railway* v. *Burrus*, 244 U. S. 103; *Lee* v. *Central of Georgia Railway*, 252 U. S. 109; *New York Central & Hudson River Railroad* v. *Kinney*, 260 U. S. 340; *Hogarty* v. *Philadelphia & Reading Railway*, 255 Penn. St. 236), cannot be construed as stating a case under the Federal employers' liability act, but must be deemed a count upon the common law. *Hughes* v. *Gaston, ante,* 292. *Renaldi* v. *New York Central Railroad*, 256 Mass. 337. *Griffin* v. *New York, New Haven & Hartford Railroad*, 279 Mass. 511. *Brady* v. *Ludlow Manuf. Co.* 154 Mass. 468. *Clare* v. *New York & New England Railroad*, 172 Mass. 211. G. L. (Ter. Ed.) c. 231, § 7, Second.

The evidence tended to prove the following. The defendant was not insured under the Massachusetts workmen's compensation act. See *Sylvain* v. *Boston & Maine Railroad*, 280 Mass. 503. The plaintiff was employed by the defendant as a mail porter, working nights, from June, 1926, until after he was hurt on August 22, 1927. His work was to lift sacks of mail, coming to the Union Station in Springfield from the post office or from mail trains, into mail cars to be carried to their destinations. The mail porters worked in gangs of four men. Beginning soon

after the plaintiff went to work for the defendant, the men in the gang indulged in rough play, with the plaintiff as the usual victim.   A favorite trick, called "goosing," consisted in a vulgar assault with the hand from behind while the plaintiff was braced to lift a sack of mail.   This happened twenty or thirty times a night, and was often painful and distressing; but it did not affect the plaintiff's general health.   The foreman of the gang was one Church, and over him was the superintendent in charge of mail cars at the station, one McCarthy.   Church never indulged in horseplay, but he saw it and did not stop it.   One Vogel was the ringleader in the rude sport.   Six or seven weeks before August 22, 1927, Vogel became foreman in place of Church, and after that the "goosing" became worse, Vogel continuing to take part in it.   The plaintiff never complained to any authority higher than the foreman.

On the evening of August 22, 1927, the plaintiff was subjected to the "goosing" three or four times, and was "all stirred up" as a result.   Shortly afterwards, on the same evening, he was lifting a sack of mail weighing about eighty-five pounds, intending to throw it into a car.   Noticing that some one was coming up behind him, he feared that he was about to be assaulted again, dodged and threw the sack at the same time, felt something snap in his body, and found that he was hurt.   In fact, no one touched the plaintiff at that time.

The point is open that the plaintiff was engaged in interstate transportation at the time of the injury upon which his alleged cause of action is founded (see *Reading Co.* v. *Koons*, 271 U. S. 58), that his rights depend upon the Federal employers' liability act, and consequently that he cannot recover upon a count based upon the common law of Massachusetts.   *Griffin* v. *New York, New Haven & Hartford Railroad*, 279 Mass. 511.   If any part of the work in which the plaintiff was engaged at the moment of the injury upon which his alleged cause of action is founded was interstate transportation, that part gives color to the whole, and the Federal employers' liability act becomes the sole source and measure of his rights.

*Philadelphia & Reading Railway* v. *Di Donato,* 256 U. S. 327. *Philadelphia & Reading Railway* v. *Polk,* 256 U. S. 332. *Carberry* v. *Delaware, Lackawanna & Western Railroad,* 93 N. J. L. 414.

The plaintiff testified that at the time he was hurt on August 22, 1927, he was loading mail for transportation to places in Massachusetts and Vermont. Whether he was handling intrastate or interstate mail at the times of the many earlier assaults did not appear, but from the nature of his work it is incredible that his tormentors invariably chose occasions when he was concerned solely with intrastate mail. But that need not be determined in order to arrive at a decision. It cannot be successfully contended that the earlier assaults had produced such a mental state that the plaintiff's act in dodging while throwing the sack was involuntary and a mere injurious consequence of a preëxisting cause of action. *Tetrault's Case,* 278 Mass. 447. *Snow* v. *New York, New Haven & Hartford Railroad,* 185 Mass. 321. *Hartnett* v. *Tripp,* 231 Mass. 382. *McGehee* v. *McCarley,* 91 Fed. Rep. 462. *Comstock* v. *Wilson,* 257 N. Y. 231. The plaintiff testified that those assaults did not impair his general health, and there was no evidence that they had any continuing effect.

Unquestionably, the assaults were wholly outside the scope of the employment of those guilty of them. *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573. The gist of the plaintiff's case is, that the defendant negligently had in its employ at the moment of the injury on August 22, 1927, incompetent and dangerous servants who, uncontrolled by the defendant, made the station an unsafe place for the plaintiff to work (*Dennis* v. *Clyde, New England & Southern Lines,* 229 Mass. 502; *Roosen* v. *Peter Bent Brigham Hospital,* 235 Mass. 66, 70, 71; *McNicol's Case,* 215 Mass. 497), with the result that he was hurt in a reasonable attempt to avoid an assault which he had good reason to fear. *Gannon* v. *New York, New Haven & Hartford Railroad,* 173 Mass. 40. *Conley* v. *United Drug Co.* 218 Mass. 238. *McGehee* v. *McCarley,* 91 Fed. Rep. 462. His cause of action, if any he had against the defendant, arose at the

moment he was hurt on August 22, 1927, and at that moment he was engaged in the interstate transportation of mail.   Therefore he cannot recover at common law under the first and only remaining count of his declaration.   The judge was right in entering a verdict for the defendant by leave reserved (G. L. [Ter. Ed.] c. 231, § 120), in the place of the verdict rendered by the jury.

*Exceptions overruled.*