Antonio, Appellant, *v.* Pennsylvania Railroad Company.

278

Argued April 17, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES,
JJ.

*B. A. Sciotto,* submitted a brief for appellant.

*Paul D. Larimer,* of *Englehart & Larimer,* for appellee.

OPINION BY RHODES, J., July 15, 1944:

This is a workman's compensation case. On April 23, 1937, Dominick Sabatino Antonio was employed by defendant at its station in Johnstown, Pa. On that day he was fatally injured in the course of his employment. His duties included keeping the station clean, tending the furnace, meeting the trains, loading and receiving mail and baggage, and transporting the mail and baggage from the trains on the upper or train level of the station to the baggage room on the lower level, and from the baggage room to the trains. On the day in question deceased and another employee of defendant, a baggageman, met an interstate passenger train operating from Chicago, Ill., to New York City, and unloaded onto an electric truck some newspapers and one pouch containing mail from points outside the state of Pennsylvania. Deceased proceeded to lower the truck with its cargo on an elevator from the upper to the lower level in order to reach the baggage room where the newspapers and mail were to be delivered to the consignees. Before the elevator reached the lower level, an accident occurred, and deceased suffered injuries which resulted in his death. The baggageman used a stairway to reach the lower level.

A claim petition was filed by the widow of the deceased employee. The referee made an award which was affirmed by the Workmen's Compensation Board. The court of common pleas reversed the board on the ground that deceased at the time of the accident was engaged in interstate transportation. Claimant has appealed.

The sole question involved is whether the deceased

at the time of the fatal accident was engaged in interstate transportation or in matters so closely related thereto as to be considered a part thereof.

The facts are undisputed. The character of the employment is to be determined by us as a matter of law. *Jordan v. Erie R. Co.,* 146 Pa. Superior Ct. 134, 136, 22 A. 2d 116; *Niblett v. Pennsylvania R. Co.,* 146 Pa. Superior Ct. 587, 590, 23 A. 2d 62. The decisions of the United States Supreme Court are controlling. *Mayers v. Union R. Co.,* 256 Pa. 474, 475, 100 A. 967.

If deceased was employed in interstate commerce on April 23, 1937, the consequent rights from the accident arose under the Federal Employers' Liability Act, April 22, 1908, c. 149, 35 Stat. 65, 45 U. S. C. A. §51 et seq., and the Pennsylvania Workmen's Compensation Act does not apply. *Scarborough v. Pennsylvania R. Co.,* 154 Pa. Superior Ct. 129, 132, 35 A. 2d 603; *Painter v. Baltimore & Ohio R. Co.,* 339 Pa. 271, 276, 13 A. 2d 396.

The test of whether deceased at the time of his accidental injury was engaged in interstate commerce, within the meaning of the act then in force, naturally must be whether he was engaged in interstate transportation or in work so closely related to such transportation as to be practically a part of it. *Chicago & North Western Ry. Co. v. Bolle,* 284 U. S. 74, 78, 52 S. Ct. 59, 76 L. Ed. 173; *Slizik v. Pittsburgh & Lake Erie R. Co.,* 140 Pa. Superior Ct. 283, 286, 13 A. 2d 911. "Employment follows interstate transportation and begins when the workman, on a carrier's premises, makes a forward move to serve in that traffic or employment, and ends only after he has completely dissociated himself therefrom": *Koons et ux. v. Philadelphia & Reading Ry. Co.,* 271 Pa. 468, at page 470, 114 A. 262, at page 263.

In the present case we think the status of deceased with respect to interstate transportation is to be tested

by the work that he was actually performing at the time of the accident. *Slizik v. Pittsburgh & Lake Erie R. Co.,* supra, p. 289. Some of his duties did not involve interstate transportation. But at the time of the accident he was transporting a pouch of interstate mail unloaded by him from an interstate train to the baggage room in the station where the mail was to be received and taken to the post office at Johnstown. Consequently, at the time of the fatal accident he was engaged in the completion of an interstate movement. It was part of the duties of deceased to participate in the movement of mail from the train to the baggage room. The receipt and transfer of the interstate mail coming in on an interstate train was interstate transportation. The successive movements were parts of one unified service. *Mason v. Reading Co.,* 129 Pa. Superior Ct. 289, 296, 195 A. 754.

Deceased was engaged in the actual unloading of the mail from the train until he had placed it in the baggage room on the lower level of the station. His work in meeting the interstate passenger train, unloading the mail from it, and transporting the mail to the baggage room for ultimate delivery must be viewed as a unit. Such employment is clearly in furtherance of interstate transportation. See *Missouri P. Ry. Co. v. Baldwin,* 273 S. W. 834, certiorari denied 46 S. Ct. 336, 270 U. S. 645; *Dewing v. New York Central R. Co.,* 281 Mass. 351, 183 N. E. 754; *Carberry v. D. L. & W. R. Co.,* 93 N. J. 414, 108 A. 364; *Hines v. Wicks* (Texas) 220 S. W. 581; *Lynch v. Boston & M. R. Co.,* 227 Mass. 123, 116 N. E. 401, LRA 1918D, 419; *Zenz et al. v. Industrial Accident Comm. et al.,* 176 Cal. 304, 168 P. 364, LRA 1918D, 423; *Cleveland C., C. & St. L. R. Co. v. Industrial Comm.,* 294 Ill. 374, 128 N. E. 516; *Saunders v. Boston & Maine R. R.,* 287 Mass. 56, 191 N. E. 381.

Judgment is affirmed.